### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**MARYLAND CASUALTY COMPANY, as**
**Subrogee of J. O. Hooker & Sons, Inc.**                                      **PLAINTIFF**

**VS.**                             **CIVIL ACTION NO. 3:04CV102LN**

**M & M CONSTRUCTION, INC. and**
**MID-SOUTH TESTING LABORATORIES**                                     **DEFENDANT**

### ORDER

This matter came before the court on the Defendant, M&M Construction, Inc.'s Motion to Compel Expert Discovery. The basis of the Motion is the Defendant's contention that the Plaintiff failed to adequately respond to an Interrogatory and a Request for Production of Documents related to expert witnesses. The Plaintiff objects to the requests on grounds that the experts who are the subject of the request were not retained, but were professionals involved in the construction project that is the basis of this lawsuit. For the reasons more fully expressed below, the court finds that the Motion to Compel should be denied.

The discovery request seeking this information was served on July 24, 2005. The Defendant contends that the Plaintiff never responded to those requests until it sent an unsigned response on October 7, 2005, thus waiving any objection to the requests. The Plaintiff contests that argument, stating that it served responses in August, 2004. There is no record of that service, and the Defendant argues that it never received those responses. However, no motion to compel these responses was filed before the one currently before the court. Moreover, the court has reviewed correspondence between counsel for the parties, and a letter written by defense counsel dated January 5, 2005, refers only to the two requests at issue. It would seem that, if no discovery responses at all

had been served, that failure would have been noted. Therefore, because it appears more likely that discovery responses were served, and because the Defendant has waited until now to argue that they were not (discovery is currently set to end on November 27), the court is unwilling to hold that the Plaintiff has waived any objection thereto.

The persons about whom information was sought were W. Roger Lawson, David M. Coleman, P.E., Tommy Williams, Gary C. Bailey, James J. Fitzpatrick, P.E., A. E. Templeton, P.E., Larry A. Cooley, P.E., Graden Hooker and Larry Hooker, whom the Plaintiff stated might be called as expert witnesses. The Plaintiff designated these people as experts on January 28, 2004. Lawson is an independent insurance adjuster, Bailey is an architect who worked on the project, Coleman, Fitzpatrick, Templeton & Cooley are engineers who worked on the project, and Williams, Hooker & Hooker are employees of the contractor.

The need to designate expert witnesses is derived primarily from Fed. R. Civ. P. 26(a)(2) and (b)(4), which require a party to make certain disclosures regarding his expert witnesses. That disclosure normally includes the provision of a report prepared by the expert, detailing his opinion. Rule 26(a)(2)(B); Unif. Local R. 26.1(A)(2)(a). The Comments to Rule 26(b)(4) include the following statement:

> It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness.

Based on this language, the court holds that the Plaintiff is not required to provide additional information on these people. Moreover, the court notes that most or all of them have been

subpoenaed for depositions; therefore, the Defendant will be able to determine the substance of any expert information known by them.  For all of these reasons, the Motion will be denied.

     IT IS, THEREFORE, ORDERED that the Defendant, M&M Construction, Inc.'s Motion to Compel Expert Discovery is hereby **denied**.

     IT IS SO ORDERED, this the 14th day of November, 2005.


                                                 S/Alfred G. Nicols, Jr.
                                        UNITED STATES MAGISTRATE JUDGE